IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MYRON N. JOHNSON, ID # 1474587, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:08-CV-0423-G (BH) |
| ) | ECF |
| DALLAS COUNTY SHERIFF ) | Referred to U.S. Magistrate Judge |
| DEPARTMENT, et al., ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff, an inmate in Dawson State Jail who was previously housed in the Dallas County Jail and Hutchins State Jail, filed the instant action pursuant to 42 U.S.C. § 1983 against the Dallas County Sheriff's Department,[1] the Texas Department of Criminal Justice (TDCJ), TDCJ Hutchins State Jail, Judge Michael Snipes, and an unnamed Dallas County District Attorney.[2] (Compl. at 1, 3; Answers to Magistrate Judge's Questionnaire (MJQ).[3]) His claims relate generally to an alleged

---

[1] Plaintiff refers to this defendant as the Dallas County Sheriff Department.

[2] On April 9, 2008, the Court received correspondence from Plaintiff in which he appears to seek to add "CCA and Dawson State Jail" as defendants in this action due to alleged conduct that has occurred at Dawson State Jail subsequent to the filing of the instant action. The Court declines to add the entities as defendants in this action for several reasons. First, a letter is not a proper manner to amend a complaint. Second, Plaintiff has failed to comply with the procedural requirements of LR 15.1. Finally, the alleged conduct is distinct in time, location, and substance from the allegations of the instant action. If Plaintiff desires to pursue the allegations set forth in the April 9, 2008 correspondence, he should file a separate civil action.

[3] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

sexual assault by a jail guard and inmates that occurred while he was in the custody of the Dallas County Sheriff's Department prior to being transferred to Hutchins State Jail. (*See* Attachment to Compl.) He claims that the Sheriff's Department failed to provide adequate security or conduct an investigation into the alleged assault. (Compl. at 3; Answer to Question 2 of MJQ.) He sues TDCJ and TDCJ Hutchins State Jail because they took no action after being informed of the alleged sexual assault, and TDCJ Hutchins State Jail placed him in the same dorm as one of the inmates who had helped the guard assault him. (Compl. at 3; Answer to Question 3 of MJQ.) He sues Judge Snipes and the unnamed District Attorney because they took no action after Plaintiff informed them of the alleged sexual assault. (Compl. at 3; Answers to Questions 4 and 5 of MJQ.) Plaintiff seeks his release from imprisonment and monetary damages for the emotional pain that he experiences. (*See* Compl. at 4 and Attachment; Answer to Question 1 of MJQ.)

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.* In addition, 42 U.S.C. § 1997e(c) provides for *sua sponte* dismissal of

> any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other cor-

rectional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under § 1915A(b), § 1915(e)(2)(B), or Fed. R. Civ. P. 12(b)(6) or (c). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 & n.8 (5th Cir. 2002) (noting that the standards under Rules 12(b)(6) and 12(c) are the same); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (recognizing the standards are the same under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards are the same under §§ 1915(e)(2)(B)(ii) and 1915A; Rule 12(b)(6); and 42 U.S.C. § 1997e(c)). Utilizing these standards, the Court proceeds to consider Plaintiff's claims.

### III. SECTION 1983 RELIEF

Plaintiff seeks release from imprisonment and monetary damages for emotional injuries under 42 U.S.C. § 1983 for an alleged sexual assault and acts or omissions that occurred subsequent to such assault. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the

Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

**A. Jural Entity**

Plaintiff sues the Dallas County Sheriff's Department in this action. However, a plaintiff may not bring a civil rights action against a servient political agency or department, unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The Dallas County Sheriff's Department is not a jural entity that can be sued. *See Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998). Plaintiff thus seeks relief from an entity that is not subject to suit under § 1983.[4] Accordingly, his claims against the Dallas County Sheriff's Department are frivolous and subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c).[5]

---

[4] *Pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). In this instance, the Court has given Plaintiff such an opportunity, and Plaintiff specifically indicated that he wanted to pursue the action against the Dallas County Sheriff's Department. (*See* Answer to Question 2 of MJQ.)

[5] The attachment to Plaintiff's complaint suggests that he also sues the Dallas County Jail in this action. The analysis applied to his claims against the Dallas County Sheriff's Department applies equally to any claim against the Dallas County Jail. Like the Sheriff's Department, the Dallas County Jail is not a jural entity that can be sued. *See Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (holding that Dallas County Jail is not a legal entity that can be sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998).

**B. Requested Relief**

Plaintiff seeks release from imprisonment and monetary damages as relief in this action. Release from imprisonment, however, is an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).

With regard to Plaintiff's claim for monetary damages, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam) (applying the requirement to bar a First Amendment claim of mail tampering). The requirement bars recovery for monetary damages for mental and emotional injuries. *Id.* at 374. To satisfy the requirement for a particular named defendant, the alleged acts or omissions of such defendant must have caused the alleged physical injury. *See Purvis v. Johnson*, 78 Fed. App'x 377, 379-80 (5th Cir. 2003).

In this instance, although Plaintiff describes a physical injury stemming from the alleged assault at Dallas County Jail, he alleges no physical injury resulting from the conduct of any defendant. (*See* Answer to Question 6 of MJQ.) Because the claims against TDCJ, TDCJ Hutchins State Jail, Judge Snipes, and the unnamed District Attorney relate to conduct that resulted in no physical injury, the claims against them must be dismissed for lack of physical injury. *See id.* (affirming dismissal of claim regarding post-assault investigation because the only alleged physical injuries resulted from the assault, not from any post-assault conduct). In the absence of a physical

injury, the claims against those defendants are frivolous. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[6]

**SIGNED this 15th day of May, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

6